THE MARION & McPHERSON RAILWAY COMPANY v.
T. P. ALEXANDER, *as County Treasurer, etc.*
No. 12,164. (64 Pac. 978.)

SYLLABUS BY THE COURT.

1. SCHOOLS AND SCHOOL DISTRICTS—*Taxation.* The right of a
school district to levy a tax, if it exists at all, must be clearly
found in the statute. If there is a fair doubt as to its existence,
it must be denied.

2. ——— *Union School—Limit of Levy.* The aggregate tax
levy which may be made in any one year by a school district, and
a "graded-school district" identical in boundaries, organized
under sections 6242–6251, General Statutes of 1901, cannot exceed
two per cent. on the taxable property in such district for the
various school purposes.

Error from Marion district court; O. L. MOORE,
judge. Opinion filed May 11, 1901. Division two.
Reversed.

*A. A. Hurd, W. Littlefield,* and *O. J. Wood,* for plain-
tiff in error.

*Keller & Dean,* for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: The plaintiff in error in this ac-
tion seeks to enjoin the collection of all taxes levied
for school purposes in school district No. 79, Marion
county, Kansas, in excess of two per cent. on the tax-
able property owned by it in said district.

A "graded-school district No. 79" had been or-
ganized, identical in boundaries and inhabitants with
school district No. 79, such organization being author-
ized by sections 6242–6251 of the General Statutes of
1901, which provide generally for the organization of
union or graded schools. It is contended by plaintiff
in error that, while the inhabitants of one or more

school districts may form a union or graded district and create the machinery to run the same, to maintain any and all schools therein the total levy "for the various school purposes" cannot exceed two per cent. on the taxable property in any. one district annually.

It is contended by the defendants in error that the law, conferring as it does upon the various members of the graded-school-district board all the powers of like officers of ordinary district boards, and creating a separate entity for the purpose of managing a separate school, with authority to levy taxes, gives the power to such graded-school district to make within its bounds an additional levy not to exceed two per cent. ; that is, that it may levy as much as the original school district may, and this in addition to what the original district levies, and not that the total of both levies must be the limit fixed in section 6127, General Statutes of 1901. The court below took this view of the question. In this we do not agree. We think that the *entire* levy may not exceed two per cent., and are strengthened in this conclusion by the language of section 6244, which says that a union district shall be entitled to " an equitable share of the school funds," and also by that in section 6246, "the district treasurer shall apportion the amount of school money due the union district, and pay the same over to the treasurer of the union district." The law fixes the time for holding the annual meetings of the union or graded-school districts in June, while the annual meetings of school districts occur in July.

All these provisions taken together indicate that it was the purpose of the legislature that while the first meeting—that of the graded district—could suggest the levy desired for graded-school purposes, the last

one only possessed the power to vote the tax, which for "the various school purposes" could not in any one year exceed two per cent.; or at least, there must be such harmony in the action of both bodies that the aggregate levy may not exceed the limit found in section 6127.

We may say that the question is not one entirely free from doubt, but we cannot believe that the legislature would have left it in that condition had its purpose been to confer the right so largely to increase the burden of taxation. The authority to levy taxes is an extraordinary one. It is never left to implication, unless it be a *necessary* implication. Its warrant must be clearly found in the act of the legislature. Any other rule might lead to great wrong and oppression, and when there is a reasonable doubt as to its existence the right must be denied. Therefore, to say that the right is in doubt is to deny its existence. (Cool. Tax. 200, and cases there cited; Dill. Mun. Corp., 4th ed., § 763; *Burnes and others v. The Mayor and City Council of Atchison and others*, 2 Kan. 454.)

The levies sought to be enjoined are those for the years 1894 and 1895, and our conclusion is that the judgment of the district court must be reversed, with direction to make the injunction perpetual, restraining all of the defendants from collecting that part of the school taxes in excess of two per cent.

JOHNSTON, GREENE, JJ., concurring.